RENDELL OWENS AND VIOLA OWENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 2303-75.
United States Tax Court
T.C. Memo 1977-319; 1977 Tax Ct. Memo LEXIS 127; 36 T.C.M. (CCH) 1288; T.C.M. (RIA) 770319; September 19, 1977, Filed Rendell Owens, pro se. Albert B. Kerkhove, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for 1971, 1972 and 1973 in the amounts of $1,177.02, $1,340.60 and $1,624.52, respectively. The issues for decision are: 1. Whether petitioner Rendell Owens incurred travel expenses while away from home during 1971 through 1973; 2. Whether petitioners are entitled to deduct during the years in issue amounts in excess of those conceded by respondent for (a) clothing and uniform expense, (b) medical expense, (c) charitable contributions, and (d) sales tax. FINDINGS *128 OF FACT Petitioners resided in Oskaloosa, Iowa, at the time they filed their petition. They have resided in Oskaloosa, which is 60 miles southeast of Des Moines, since 1941. In 1959 petitioner Rendell Owens ("Rendell") took a job with the Iowa State Highway Commission ("Commission"). Rendell retired from the Commission on October 31, 1973. The Commission's headquarters are located in Ames, Iowa. The Commission has divided the State of Iowa into six districts, each district having four to six permanent construction offices. Upon beginning his employment, Rendell was told that he could be transferred at any time to any place in Iowa depending upon the needs of the Commission, and that the Commission reserved the right to require such a transfer as a condition of employment. In 1959 or 1960 the Des Moines construction office commenced work on the Des Moines Freeway construction project. This project, part of the interstate highway system, was comprised of the urban link through the Des Moines metropolitan area. Rendell joined the Des Moines office in April 1960, following an assignment in Creston, Iowa. In 1962 or 1963 he was assigned to the project in Des Moines. He *129 performed inspection tasks in and around that post of duty. In 1965 or 1966 his post of duty was moved about two miles north of the Des Moines city limits to Marquisville, which also was under the jurisdiction of the Des Moines construction office. During the years 1971 through 1973, Rendell worked in Des Moines or in the Des Moines area. When working in the Des Moines area the Commission furnished transportation to the area of work. Although he was not required to reside at or near his post of duty, Rendell rented a room in Des Moines. On weekends Rendell traveled by automobile to Oskaloosa to be with his family. On their 1971, 1972 and 1973 joint income tax returns, petitioners deducted the amounts of $4,159, $4,774 and $6,075, respectively, as travel expense while away from home, all of which respondent has disallowed. During 1971 through 1973 petitioner Viola Owens ("Viola") was employed as a waitress in Oskaloosa, Iowa. On their 1971, 1972 and 1973 joint income tax returns, petitioners claimed deductions in the amounts of $188, $255 and $208, respectively, for uniforms and shoes and laundry of those uniforms, all of which respondent disallowed. Viola buys two or *130 three yellow uniforms with aprons a year at a cost of about $17 each. She works six days a week and each day uses a clean uniform and apron. The cost of laundering a uniform and apron is thirty-five cents. Viola spent approximately $140 a year to buy uniforms and to clean them. On their 1971, 1972 and 1973 joint income tax returns, petitioners deducted the amounts of $1,588, $1,607 and $1,798, respectively, as medical expenses, all of which respondent disallowed. Viola is a diabetic and takes insulin by injection every day. The approximate cost of the insulin, needles and syringes and a blood sugar test is $335 per year. Rendell has a bad back and must buy a $27 back brace about once a year. In addition, he takes high blood pressure medication and makes a monthly visit to the doctor. These two items cost him about $145 a year. The total of these medical costs was $507 a year during the years in issue. Both Rendell and Viola wear hearing aids, but their cost, if any, during the years in issue is unknown. On their 1971, 1972 and 1973 joint Federal income tax returns, petitioners deducted the amounts of $510, $600 and $510, respectively, as charitable contributions. Respondent *131 concedes they are entitled to deduct $230, $244 and $250 in 1971, 1972 and 1973, respectively. On their joint Federal income tax returns for the years 1971 and 1973, petitioners deducted the amounts of $250 and $300, respectively, as general sales tax. Respondent concedes they are entitled to deduct the entire $250 in 1971; respondent disallowed $155 of the $300 claimed in 1973. OPINION Section 162(a)(2) [1] allows a deduction for "traveling expenses * * * while away from home in pursuit of a trade or business." Rendell has previously litigated this issue in this Court. Owens v. Commissioner,50 T.C. 577 (1968). No appreciable differences in the facts exist between those previously litigated and those involved in this case. Here Rendell was employed to perform the same inspection tasks he had done previously. He worked in Des Moines or in the Des Moines area. His transportation outside Des Moines was furnished by the State Highway Commission. Rendell's tax home was Des Moines, his duty station, and not Oskaloosa, his residence. Therefore, petitioners are not entitled to deduct the traveling expenses they claimed on their returns for 1971, 1972 and 1973. *132 Owens v. Commissioner,supra.
Petitioners claimed deductions for clothing and uniforms expense, medical expense, charitable contributions and sales taxes on their returns for the years in issue, all or some of which respondent has disallowed. We have found as a fact that Viola, who works as a waitress, spent $140 a year to buy uniforms and clean them during the years in issue. We have also found as a fact that Viola and Rendell spent $507 a year during the years in issue on medical expenses. Petitioners, on whom the burden of proof rests, have not proved that they made charitable contributions or paid sales taxes in excess of the amounts allowed or conceded by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩